1  Melvyn D. Silver -  SBN 48674
   Ruth Silver Taube - SBN 169589
2  **LAW OFFICES OF SILVER & TAUBE**
   23580 Mt. Charlie Road
3  Los Gatos, CA 95033
   Telephone:   (408) 353-1868
4  Facsimile:    (408) 353-2328

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHER DISTRICT OF CALIFORNIA

10                         SAN JOSE DIVISION

11

12
    ELISA LOWY,                              )    Case No.
13                                           )
              Plaintiff,                     )
14                                           )    **COMPLAINT FOR BREACH OF**
                  v.                         )    **EMPLOYEE BENEFIT PLAN**
15                                           )    **(29 U.S.C. § 1002 et seq);**
    PRUDENTIAL INSURANCE COMPANY OF          )    **COMPLAINT FOR BENEFITS**
16  AMERICA; PILLSBURY WINTHROP LLP          )
    LONG TERM DISABILITY PLAN; PILLSBURY     )
17  WINTHROP LLP EMPLOYEE TERM LIFE          )
    INSURANCE COVERAGE PLAN,                 )
18                                           )
              Defendants.                    )
19                                           )
    _____ /
20

21

22

23

24

25

26

27

28

**I.    JURISDICTION**

1.    Elisa Lowy, born May 22, 1964, is and at all times mentioned herein was a resident of Santa Clara County, California and resident in the Northern District of California. Pillsbury Winthrop, LLP (Pillsbury) is and at all times mentioned herein was a law firm doing business in Santa Clara County, California. Pillsbury created the Pillsbury Winthrop LLP Long Term Disability Plan (the LTD Plan) and the Pillsbury Winthrop LLP Employee Term Life Insurance Coverage Plan (the Life Plan) as employee benefits. The LTD Plan was fully insured with the Prudential Insurance Company of American (Prudential) effective January 1, 2002 as Group Plan G-40611-CA. The Life Plan was fully insured with Prudential effective October 1, 2002. The LTD Plan and the Life Plan are in writing. This claim arises under an ERISA registered and controlled employee benefit plan. Jurisdiction of this court is present under 29 U.S.C. § 1002, 29 U.S.C. § 1132.

**II.    STATEMENT OF FACTS**

2.    Prior to November 6, 2003, Pillsbury created the LTD plan and the Life Plan in writing for its employees as an employee benefit. Under the terms of the LTD Plan, Prudential promised to pay Short Term and Long Term disability benefits to any such employees as would become totally disabled as defined by the LTD Plan while employed by Pillsbury and to provide extended death benefits under the Life Plan to any employee totally disabled as defined by the Life Plan.

3.    At all time herein mentioned, Lowy was an employee of Pillsbury and is a covered employee under the Plans.

4.    On or about November 6, 2003, Lowy became totally disabled in accordance with the definition of total disability under the LTD Plan and the Life Plan and timely applied for benefits under the Plans.

5.    The LTD Plan was to provide short term benefits to Lowy for 25 weeks commencing November 13, 2003 and long term benefits thereafter at 60% of Lowy's salary to a

Lowy v. Prudential et al. - Complaint        -2-

maximum of $10,000 per month. The Life Plan would extend benefits from the date of total disability as defined in the Life Plan.

6. The LTD Plan determined that Lowy was disabled and eligible for benefits between November 13, 2003 and August 1, 2006 but has not paid Lowy thereafter. The Life Plan determined that Lowy was not eligible for benefits.

7. Lowy properly appealed the denial of benefits to the LTD Plan and the Life Plan. On July 2, 2007, the LTD plan denied Lowy's appeal in a final and administratively binding decision. Lowy has now exhausted her administrative remedies under the LTD Plan. On December 20, 2005, Lowy timely appealed the denial of extended death benefits to Prudential. Prudential has never responded to the appeal and the appeal is now deemed denied. Lowy has exhausted her administrative remedies under the Life Plan.

8. Lowy is and at all times mentioned herein was totally disabled as that term is defined in both the LTD Plan and the Life Plan.

## FIRST CAUSE OF ACTION

1. The Long Term Disability Plan and the Life Plan are employee benefits plans defined under 29 U.S.C. § 1002.

2. In accordance with 29 U.S.C. § 1132, Plaintiff herein seeks to recover the benefits due under the Plans including prejudgment interest and attorney's fees expended herein.

3. In all cases, Plaintiff has performed all conditions required on Plaintiff's part to be performed and, in accordance with the Plan, gave the Plan due and timely notice of and proof of loss.

4. The action of the Plan in rejecting claims, terminating benefits, and failing to provide a full and fair review cannot withstand scrutiny under any standard of review.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For reinstatement of benefits and all benefits due Plaintiff under the LTD Plan

and the Life Plan together with prejudgment interest thereon at the legal rate;

2. For cost of suit incurred herein;

3. For attorney's fees; and

4. For such other and further relief as the court deems appropriate and just under the circumstances.

Dated: _____ SILVER & TAUBE

_____
MELVYN D. SILVER
Attorney for Plaintiff

Lowy v. Prudential et al. - Complaint        -4-