```
 1  RONALD K. ALBERTS  (SBN: 100017)
    LISA K. GARNER  (SBN: 155554)
 2  GORDON & REES LLP
    633 West Fifth Street
 3  Suite 4900
    Los Angeles, CA  90071
 4  Telephone:  (213) 576-5000
    Facsimile:  (213) 680-4470
 5
    Attorneys for Defendants
 6  PRUDENTIAL INSURANCE COMPANY
    OF AMERICA, PILLSBURY WINTHROP LLP
 7  EMPLOYEE LONG TERM DISABILITY PLAN, AND
    PILLSBURY WINTHROP LLP EMPLOYEE TERM LIFE INSURANCE
 8  COVERAGE PLAN
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ELISA LOWY, <br><br> Plaintiff, <br><br> vs. <br><br> PRUDENTIAL INSURANCE COMPANY OF AMERICA; PILLSBURY WINTHROP LLP LONG TERM DISABILITY PLAN; PILLSBURY WINTHROP LLP EMPLOYEE TERM LIFE INSURANCE COVERAGE PLAN, <br><br> Defendants. | CASE NO. C07 04357 JF PVT <br><br> **ANSWER OF DEFENDANTS PRUDENTIAL INSURANCE COMPANY OF AMERICA, PILLSBURY WINTHROP LLP EMPLOYEE LONG TERM DISABILITY PLAN AND PILLSBURY WINTHROP LLP EMPLOYEE TERM LIFE INSURANCE COVERAGE PLAN TO COMPLAINT** |

COMES NOW Defendants Prudential Insurance Company of America ("Prudential"), Pillsbury Winthrop LLP Employee Long Term Disability Plan ("LTD Plan"), and Pillsbury Winthrop LLP Employee Term Life Insurance Coverage Plan ("Life Plan") (Prudential, LTD Plan, and Life Plan are collectively referred to herein as "Defendants"), for themselves and no others, answer the Complaint of Plaintiff Elisa Lowy ("Plaintiff" or "Lowy") in accordance with the numbered paragraph therein:

-1-
ANSWER OF DEFENDANTS PRUDENTIAL INSURANCE COMPANY, ETC., TO COMPLAINT

1.   Responding to Paragraph 1 of the Complaint, Defendants admit that Elisa Lowy was born on May 22, 1964 and is a resident in the Northern District of California.  Defendants admit that Pillsbury Winthrop LLP is a law firm doing business in Santa Clara County, California and created the LTD Plan and the Life Plan as employee benefits.  The LTD Plan was insured with Prudential effective January 1, 2002 as Group Plan G-40611-CA and is in writing.  Defendants admit that the Life Plan is in writing and that the Life Plan was insured with Prudential.  Defendants admit that this claim arises under ERISA and that this Court properly has jurisdiction under 29 U.S.C. § 1002, 29 U.S.C. § 1132.  Except as specifically admitted, Defendants deny each and every allegation.

2.   Responding to Paragraph 2 of the Complaint, Defendants admit that prior to November 6, 2003, Pillsbury Winthrop LLP created the LTD Plan and the Life Plan in writing for its employees as employee benefits and that under the terms of the LTD Plan disability would be paid to such employees as would become totally disabled as defined by the Plan.  Defendants admit that extended death benefits would be provided under the Life Plan to any covered employee totally disabled as defined by the Life Plan.  Except as specifically admitted, Defendants deny each and every allegation.

3.   Responding to Paragraph 3 of the Complaint, Defendants admit that Lowy was an employee of Pillsbury Winthrop LLP and was an employee who was eligible for benefits from the Plans if she qualified under the Plans' terms.  Except as specifically admitted, Defendants deny each and every allegation.

4.   Responding to Paragraph 4 of the Complaint,  Defendants admit that Lowy timely applied for benefits under the LTD Plan and the Life Plan.  Except as specifically admitted, Defendants deny each and every allegation.

5.   Responding to Paragraph 5 of the Complaint,  Defendants admit subject to the terms and conditions of the LTD Plan that short term disability benefits were to be paid for 25 weeks commencing from the date of disability and

long term benefits would be paid at 60% of the qualified employee's salary to a maximum of $10,000 per month. Defendants admit that the Life Plan would extend benefits as defined in the Life Plan to qualified employees. Except as specifically admitted, Defendants deny each and every allegation.

6. Responding to Paragraph 6 of the Complaint, Defendants admit that under the LTD Plan, Lowy was considered disabled and eligible for benefits between November 13, 2003 and May 6, 2006, and that benefits have been paid through July 31, 2006, but benefits have not been paid to Lowy thereafter. Except as specifically admitted, Defendants deny each and every allegation.

7. Responding to Paragraph 7 of the Complaint, Defendants admit that Lowy timely appealed the denial of benefits under the LTD Plan and the Life Plan. Defendants admit that the LTD Plan denied Lowy's appeal. Defendants deny that Lowy exhausted her administrative remedies under the LTD Plan, but admit that she is permitted to file this action under ERISA. Except as specifically admitted, Defendants deny each and every allegation.

8. Responding to Paragraph 8 of the Complaint, Defendants deny the allegations.

9. Responding to Paragraph 1 of the First Cause of Action in the Complaint, Defendants admit that the Long Term Disability Plan and the Life Plan are employee benefits defined under 29 U.S.C. § 1002. Except as specifically admitted, Defendants deny each and every allegation.

10. Responding to Paragraph 2 of the First Cause of Action in the Complaint, Defendants admit that Plaintiff seeks to recover the benefits allegedly due under the Plans including prejudgment interest and attorney fees expended herein. Except as specifically admitted, Defendants deny each and every allegation.

11. Responding to Paragraph 3 of the First Cause of Action in the Complaint, Defendants admit that Plaintiff alleges that she has performed all

conditions required on Plaintiff's part to be performed, but deny that Plaintiff has given the LTD Plan or the Life Plan proof of loss.  Except as specifically admitted, Defendants deny each and every allegation.

12.  Responding to Paragraph 4 of the First Cause of Action in the Complaint, Defendants deny each and every allegation.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

13.  The Complaint and each of the claims that are asserted against Defendants fail to set forth facts sufficient to constitute a claim for relief against Defendants, or any of them.

### SECOND AFFIRMATIVE DEFENSE

14.  Each and every act or statement done by Defendants and their officers, employees or agents, with reference to the matters at issue were made pursuant to and consistent with the terms of the long-term disability plan.

### THIRD AFFIRMATIVE DEFENSE

15.  Defendants had a duty to their other policyholders to investigate Plaintiff's claim and to determine whether it was properly payable under any contract of insurance.  Defendants, in discharging that duty, acted properly at all time herein relevant.

### FOURTH AFFIRMATIVE DEFENSE

16.  Each and every act or statement done or made by Defendants and its officers, employees, agents or insurers with reference to the matters at issue, was a good faith assertion of the rights and obligations of Defendants and, therefore, was privileged and justified.

### FIFTH AFFIRMATIVE DEFENSE

17.  Defendants acted reasonably since Plaintiff did not satisfy the terms of the LTD Plan or Life Plan for receipt of disability benefits.

///

**Gordon & Rees LLP**
633 West Fifth Street, Suite 4900
Los Angeles, CA 90071

## SIXTH AFFIRMATIVE DEFENSE

18. Defendants are informed and believe and thereon allege that Plaintiff has failed to comply with all the conditions precedent and subsequent necessary to the existence of insurance coverage under the insurance policy at issue.

## SEVENTH AFFIRMATIVE DEFENSE

19. Plaintiff is estopped and barred from asserting any of the claims set forth in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

20. Plaintiff has by conduct, agreement or otherwise, and with knowledge of the matters set forth in the Complaint, accepted the benefits of any acts or omissions on the part of these Defendants and Plaintiff has waived any causes of action set forth in the Complaint.

## NINTH AFFIRMATIVE DEFENSE

21. Plaintiff did not suffer from restrictions or limitations such that she was unable to perform the material and substantial duties of her regular occupation.

## TENTH AFFIRMATIVE DEFENSE

22. Plaintiff did not suffer from restrictions or limitations such that she was unable to perform the duties of any gainful occupation.

## ELEVENTH AFFIRMATIVE DEFENSE

23. Plaintiff was not totally disabled as defined by the terms and conditions of the applicable long term disability plan in that she was able to perform the material duties of her own occupation.

## TWELFTH AFFIRMATIVE DEFENSE

24. Plaintiff was not totally disabled as defined by the terms and conditions of the applicable long term disability plan in that she was able to perform the duties of any gainful occupation.

///

Gordon & Rees LLP
633 West Fifth Street, Suite 4900
Los Angeles, CA 90071

## THIRTEENTH AFFIRMATIVE DEFENSE

25. Plaintiff's Complaint does not state the underlying claims made against Defendants with sufficient particularity to enable Defendants to determine all of their defenses (including defenses based upon the terms, conditions or exclusions of the alleged Plan at issue). Defendants therefore reserve their rights to assert all applicable defenses to the Complaint once the precise nature of such claims are determined through discovery or otherwise.

WHEREFORE, Defendants pray for judgment as follows:

1. That judgment be entered in favor of Defendants;
2. That Plaintiff takes nothing;
3. For costs and expert witness fees;
4. For reasonable attorneys' fees; and
5. For such other and further relief as this Court may deem just and proper.

Dated: October 26, 2007        GORDON & REES LLP

By: /s/_____
Ronald K. Alberts
Lisa K. Garner
Attorneys for Defendants
PRUDENTIAL INSURANCE COMPANY OF AMERICA, PILLSBURY WINTHROP LLP EMPLOYEE LONG TERM DISABILITY PLAN, and PILLSBURY WINTHROP LLP EMPLOYEE TERM LIFE INSURANCE COVERAGE PLAN